■ CONSTANCE M. HAVENDER, Respondent-Appellant, v. JAMES W. HAVENDER, Appellant-Respondent.— In an action for divorce, in which defendant counterclaimed for divorce, (1) defendant appeals, as limited by his brief, from portions of two orders of the Supreme Court, Dutchess County, as follows: (a) from so much of the first order, dated March 4, 1974, as directed him to reimburse plaintiff for counsel fees advanced by her and made provision for medical insurance coverage for plaintiff for future surgery and (b) from so much of the second order, dated May 2, 1974, as, upon reargument, adhered to the above-mentioned determinations and further directed defendant to pay a further counsel fee; and (2) plaintiff cross-appeals from portions of the same orders, as follows: (a) from so much of the first order as awarded her only $125 per week as temporary alimony and (b) from so much of the second order as denied her cross motion to examine plaintiff before trial as to his finances. Appeal and cross appeal from the order dated March 4, 1974 dismissed as academic, without costs. That order was superseded by the order of May 2, 1974 which granted reargument. (*De Luccy* v. *Ferrara*, 12 A D 2d 782; *Matter of Palmotto* v. *Cohalan*, 6 A D 2d 886, affd. 8 N Y 2d 1065.) Order dated May 2, 1974 modified by adding to its first decretal paragraph, immediately after the provision that the prior determination is adhered to, the following: "except that the third decretal paragraph of the March 4, 1974 order is stricken and in its place the following provision is inserted: 'Ordered that defendant is directed to pay all outstanding medical bills of plaintiff and is further directed to pay any future reasonable medical bills of plaintiff up to the date of entry of the ultimate judgment in this action, either through health insurance, if available, or directly, if such insurance is not available.'" As so modified, order of May 2, 1974 affirmed insofar as appealed from, without costs. The third decretal paragraph of the March 4, 1974 order provides, after directing defendant to pay all medical bills of plaintiff then outstanding, that defendant "is further directed to execute all necessary forms and consents so that the plaintiff will have available the requisite medical insurance coverage for surgery, or, in lieu thereof, adequate arrangements are to be made by defendant". In our opinion the provision just quoted is too vague and indefinite reasonably to be enforced and invites litigation by the parties (cf. *Perless* v. *Perless*, 33 A D 2d 1013, 1014; *De Gasper* v. *De Gasper*, 31 A D 2d 886). Thus, we are making the provision more definite. The most effective remedy for any alleged inequity in an award of temporary alimony and counsel fees is a speedy trial, at which the respective financial resources of the parties and the value of the services rendered by the wife's counsel can be explored and a judgment fixing appropriate permanent alimony, if any, and the total counsel fees, if any, may appropriately be rendered. Concerning the pretrial examination sought, we find that Special Term did not abuse its discretion in denying that relief (*Meyerhoff* v. *Meyerhoff*, 41 A D 2d 726). If we were considering on the merits the question of temporary alimony raised by plaintiff on her cross appeal from the order of March 4, 1974, we would affirm the award. This is not intended as a finding or suggestion as to the amount of permanent alimony, if any, which may be awarded. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.